IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEAN C. BOYD                                        PLAINTIFF

V.                                     CIVIL ACTION NO. 4:22-CV-00145-GHD-DAS

BARRY SPENCER, ET AL.                        DEFENDANTS

## ORDER DISMISSING CASE WITHOUT PREJUDICE

This matter comes before the Court, *sua sponte*, for consideration of dismissal. On July 11, 2022, Plaintiff Dean C. Boyd, proceeding *pro se*, filed the instant action challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983. Doc. # 1. Plaintiff initiated this action in the Federal District Court for the Southern District of Mississippi. *See id.* The matter was transferred to this District upon a finding that Plaintiff had filed his complaint in the wrong venue. *See* Doc. # 7.

In the instant complaint, Plaintiff alleges that, sometime in September 2020, he was assaulted during a physical therapy session while housed at the Mississippi State Penitentiary ("MSP"). Doc. # 1. Plaintiff names Barry Spencer (identified as the physical therapist) and James Glisson (identified as a medical doctor) as defendants. *Id.*

Plaintiff, however, has already filed an identical suit alleging the same conduct and naming the same individuals as defendants. *See Boyd v. Spencer, et al.*, 4:21-cv-00035-GHD-JMV, Doc. # 1. That action is currently pending before this Court, and summonses have been issued for named Defendants.[1] *See id.* at Doc. # 24.

---

[1] The earlier-filed case was dismissed on August 31, 2021, *see* Doc. #s 12, 13, but reopened on May 10, 2022, following an order vacating and remanding by the Fifth Circuit Court of Appeals. *See* Doc. # 22.

As the claims asserted in the instant case are duplicative of those already pending before this Court, they should be dismissed as duplicative litigation. "[A]n action may be dismissed [] if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Emmett v. Hawthorn*, 459 F. App'x 490, 491 (5th Cir. 2012) (citation omitted). A district court has "broad discretion" in dismissing a complaint as duplicative. *See Blakely v. Evans*, 574 F. App'x 420, 420 (5th Cir. 2014). Plaintiff is entitled to "one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993).

Plaintiff is warned that duplicative filings are generally considered malicious and counted as "strikes" under 28 U.S.C. § 1915 (e) and (g). *See Emmett*, 459 F. App'x 490, 491; *Pittman*, 980 F.2d 994, 995. The Court, however, will not impose a strike in this instance given the circumstances surrounding the procedural history of the two cases. Accordingly, the instant case is hereby **DISMISSED without prejudice** to the Plaintiff's prosecution of his duplicative pending suit, 4:21-cv-00035-GHD-JMV.

**SO ORDERED** this, the 27 day of September, 2022.

_____
SENIOR U.S. DISTRICT JUDGE

2